# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM KIRKSEY, ) <br> 7415 Park Ave. ) <br> Cleveland, OH 44105 ) <br> ) <br>     Plaintiff. ) <br> ) <br> ) <br> v. ) <br> ) <br> UNIVERSITY HOSPITALS ) <br> REHABILITATION HOSPITAL ) <br> 23333 Harvard Rd. ) <br> Beachwood, OH 44122 ) <br>     c/o ) <br> UNIVERSITY HOSPITALS ) <br> HEALTH SYSTEM, INC. ) <br> 3605 Warrensville Center Rd. ) <br> Floor LL ) <br> Shaker Heights, OH 44124 ) <br> ) <br> ) <br> UNIVERSITY HOSPITALS ) <br> 11100 Euclid Ave., ) <br> Cleveland, OH 44106 ) <br>     c/o ) <br> ACFB INCORPORATED ) <br> 200 Public Square, Ste. 2300 ) <br> Cleveland, OH 44114 ) <br> ) <br> EKSO BIONICS ) <br> 1414 Harbour Way S #1201, ) <br> Richmond, CA 94804 ) <br>     c/o ) <br> CORPORATE CREATIONS OHIO, INC. ) <br> 119 E. Court Street ) <br> Cincinnati, OH 45202 ) <br>         Defendants. ) <br> ) | **Civil Action No.** <br><br><br><br><br><br> **Judge:** <br><br> **COMPLAINT** <br> **(Jury Demanded)** |

Now comes Plaintiff, William Kirksey, by and through counsel, and for his complaint alleges as follows:

**Parties**

1. That Plaintiff, William Kirksey, is a resident of Cuyahoga County, Ohio.

2. That Defendant, University Hospitals Rehabilitation Hospital, is a for-profit corporation engaging in industry and business affecting commerce across the United States, and specifically is a resident of Cuyahoga County, Ohio.

3. That Defendant, Ekso Bionics, is for-profit company engaging in industry and business affecting commerce across the United States, and specifically in Cuyahoga County, Ohio.

**Jurisdiction and Venue**

4. Under 28 U.S. Code § 1331, this district court has original jurisdiction because this civil action arises out of the laws of the United States namely the Lanham Trademark Act.

5. This court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because his state-law claims are so related to his claims over which this court has original jurisdiction that they are part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.8 because Plaintiff resides within this judicial district and division, and all claims that give rise to the claims for relief occurred in whole or in part in this judicial district.

7. Under 28 U.S. Code § 1391(b)(1), Defendant, University Hospitals Rehabilitation Hospital resides in Northern District of Ohio.

8. Under 28 U.S. Code § 1391(b)(2), venue is proper in Northern District of Ohio because it is the district in which all or part of the claims for relief arose.

### Facts Common to all Counts

9. This action arises out of a contract between William Kirksey and Ekso Bionics and University Hospitals Rehabilitation Hospital.

10. William Kirksey was featured in a video about Ekso Bionics medical devices which help him in the recovery of his stroke.

11. In the video, Plaintiff's name is used along with his voice, image, and likeness. Further his personal story about his stroke recovery is shared in the video.

12. University Hospitals Rehabilitation Center and Ekso Bionics, collectively Defendants, promised that the video would be used only to show other therapists and medical personnel and if there was any other distribution of the video Plaintiff would be compensated for being featured in the video.

13. The video that Plaintiff was featured in was posted to University Hospitals Rehabilitation Hospital's Facebook page.

14. Plaintiff was not notified that the video was being distributed into interstate commerce via Facebook nor was Plaintiff compensated.

15. Further, Plaintiff did not consent to have his trademark, his personal image, likeness, voice and story distributed into interstate commerce without compensation.

### Count One: Breach of Contract

16. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if rewritten here.

17. A verbal contract was formed between Plaintiff and Defendants that Plaintiff would appear in a video about the use of the Ekso Bionics medical device. In exchange the video would only be shown to medical personnel or therapist and if it was shown to a larger audience that Plaintiff was to be told and to be compensated.

18. Plaintiff performed his portion of the contract by appearing in the video, telling his story, and allowing them to film him using the medical device and talking about the use of the medical device.

19. Defendants breached the contract when they posted the video to University Hospitals Rehabilitation Hospital's Facebook page and did not compensate Plaintiff.

20. Plaintiff suffered a loss in compensation and emotional distress due to his personal story being shared on Facebook without his consent.

**Count Two: Violation of Statutory Right of Publicity Ohio Rev. Code Ann. § 2741.01**

21. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if rewritten here.

22. Plaintiff, William Kirksey, is domiciled and residing in Ohio.

23. Plaintiff's persona, voice, image, likeness, and appearance was used for commercial purposes in connection with commercial purposes for University Hospitals Rehabilitation Hospital and Ekso Bionics.

24. The video featured William Kirksey at University Hospitals Rehabilitation Hospital using Ekso Bionics devices. Defendants used this video for the purpose of advertising, soliciting the purchase of products, merchandise, goods, services and other commercial activities.

25. There was no written consent from William Kirksey granting Defendants right of publicity as required under Ohio Rev. Code Ann. § 2741.01.

### Count Three: Lanham Trademark Act

26. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if rewritten here.

27. Plaintiff's name, story of recovery, image, and likeness, constitutes a trademark.

28. This trademark was valid and legally protectable mark.

29. Plaintiff owed the trademark.

30. Defendant's use of the trademark will likely cause confusion that Plaintiff was endorsing the product.

### Count Four: Negligent Infliction of Emotional Distress

31. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if rewritten here.

32. Defendant's actions of placing the video of William Kirksey on social medica caused Plaintiff's emotional distress.

33. As a direct and proximate result of Defendant's action Plaintiff suffered emotional distress which has adversely affected his mental health.

34. Defendant's conduct was outrageous and caused Plaintiff's emotional distress.

### Count Five: False Light

35. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if rewritten here.

36. Plaintiff was placed in a false light when the video of him was featured on social media showing his recovery from a stroke and the use of Ekso Bionic's medical devices.

37. This light would be highly offensive to a reasonable person.

38. Defendant had knowledge or acted in a reckless disregard as to the falsity of the publicized matter.

WHEREFORE, Plaintiffs demands judgment be rendered against the Defendants in amount in excess of $75,000 for compensatory damages, plus any other relief this Court deems equitable and fair including costs and attorney's fees of this action. The Plaintiff claims and demands a jury trial in any court in which this action is tried.

Respectfully submitted,

*/s/ Bruce D. Taubman*
Bruce D. Taubman (0001410)
Brian Taubman (0084408)
1826 West 25th
Cleveland, Ohio 44113
Ph: (216) 621-0794
Fx: (216) 621-8886
BruceTaubman@Taubmanlaw.net
BrianTaubman@taubmanlaw.net
*Attorneys for Plaintiff*

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

*/s/ Bruce D. Taubman*
Bruce D. Taubman
*Attorney for Plaintiff*